## 7419

### J. L. MOTT IRON WORKS v. CLARK.

Appeals.—The liberality of the Court in construing the statutes and rules of Court to the end that appeals taken in good faith may be heard on their merits, is not to be presumed upon to the detriment of parties who invoke the statutes or rules in such cases.

Motion by plaintiff-respondent to dismiss the appeal herein.

*Messrs. Barron, Moore & Barron,* for the motion.

*Messrs. W. Clarke* and *D. W. Robinson,* contra.

January 12, 1910.   This is a motion to dismiss the appeal herein for failure to serve the "case" within the time required by the statute.   The only excuse offered by the attorney for the appellant for his default is that, when the stenographer's notes of the trial were furnished him, he was engaged in the trial of cases in the Circuit Court, and did not have time to prepare the "case."   The excuse is insufficient.   An extension of time should have been obtained either by agreement with the attorney for the respondent, or in the manner provided by statute.   The attorney for respondent stated that he would have granted such an extension if it had been requested.   It appears that if the "case" had been duly served, the cause could not have been docketed under rule X of this court, except by consent, in time for hearing at the present term.

We are satisfied that the appeal was taken in good faith. While the Court is inclined to be liberal in its construction of the statutes and of the rules of court, to the end that appeals taken in good faith, shall be heard on the merits; nevertheless, we wish to impress upon counsel the importance of complying with those statutes and rules which are intended to provide for the orderly disposition of appeals, and to sound a warning that the Court will not allow its liberality to be presumed upon to the detriment of parties who invoke the statutes or rules in such cause.

However, as the respondent will suffer no detriment or delay by refusing the motion, the Court has decided to do so, but upon the condition that the "case" be served, and the appellant's points and authorities be filed in time to have the appeal heard at the present term, at such time as the Court shall thereafter fix, if the respondent's attorney so desires. And it is so ordered.